WM. J. ROBB, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7740. Promulgated December 16, 1926.

A net loss sustained by petitioner in the year 1921 as a result of the liquidation of a corporation, stock in which he had purchased as an investment and to which he had made occasional loans, was not a net loss from the operation of a trade or business regularly carried on by him, and the excess of the loss sustained in 1921 over his income for that year was not a proper deduction, under the provisions of section 204 of the Revenue Act of 1921, from his income for the calendar year 1922.

*Wm. J. Robb* pro se.
*W. F. Gibbs, Esq.,* for the respondent.

The Commissioner determined a deficiency of $907.56 for the calendar year 1922. Petitioner claims that the Commissioner erred in refusing to allow him a deduction in 1922, under the provisions of section 204 of the Revenue Act of 1921, of $4,797.57 representing a net loss sustained by him in the year 1921 as a result of the liquidation of a corporation in which he had purchased certain shares of stock and to which he had made occasional loans.

FINDINGS OF FACT.

Petitioner is a merchant and is regularly employed as vice president and treasurer of Judkins & McCormick Co., of New York, importers and manufacturers. In 1914 he purchased 150 shares of stock at $100 a share in the millinery concern of Francois, a Fifth Avenue shop. He rendered financial assistance, as well as other assistance in the form of business advice and time, in an attempt to make the business of Francois a profitable one between the years 1914 and 1921. During the years 1915, 1916, and 1918, he loaned the corporation $36,819.97 and received notes therefor. In 1921 the corporation known as Francois was determined to have been unsuccessful and was liquidated. Petitioner received $15,883.59 in liquidation. His total loss on the investment in stock and the loans was $35,936.38. Francois was a close corporation, 50 per cent of the stock being owned by petitioner and 50 per cent by E. L. Judkins. At the time of liquidation the creditors were paid in full and petitioner and Judkins suffered the entire loss. Petitioner and Judkins had received no compensation at any time in consideration of time, advice and assistance in the management of the corporation and the purchasing of merchandise. Judkins suffered a loss similar to that of petitioner,

but his income from other sources was in excess thereof and he received the full benefit of the deduction in the year 1921.

In his income-tax return for 1921 petitioner took a loss of $35,936.38 and reported a net loss for 1921 of $4,797.57. In his income-tax return for the year 1922 petitioner deducted this net loss of $4,797.57 from gross income for that year. The Commissioner disallowed the deduction upon the ground that the amount did not "constitute an allowable deduction on your 1922 return, because the loss of $35,936.38 did not result from the operation of any trade or business regularly carried on by you."

OPINION.

LITTLETON: Section 204 of the Revenue Act of 1921 provides that:

The term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business).

In the opinion of the Board the facts stipulated do not bring the petitioner within the provisions of this section. They fail to show that he was regularly engaged in carrying on a trade or business of his own. He rendered personal and financial assistance to the corporation in which he had made an investment, but the business was that of the corporation. All that he did was to make an investment in and an occasional loan to a corporation which was regularly engaged in carrying on a millinery business. In the opinion of the Board, the evidence does not warrant the conclusion that petitioner's loss in 1921 was from the operation of a trade or business regularly carried on by him within the meaning of section 204, and the Commissioner correctly denied the deduction of $4,797.57 from 1922 income.

*Judgment will be entered for the Commissioner.*